IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE F. MASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:20-CV-320-WKW |
| | ) [WO] |
| LARRY A. MCGUFFEY and | ) |
| MERDZIC TRANSPORTATION | ) |
| SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

On August 18, 2018, Plaintiff Willie F. Mason's ("Mason") car collided with a tractor trailer truck operated by Defendant Larry A. McGuffey ("McGuffey"). After the accident, Mason sued McGuffey and his employer, Merdzic Transportation Services, Inc. ("Merdzic"), on five counts: (I) negligence/wantoness; (II) *respondeat superior*; (III) negligent/wanton hiring, training, supervision, and/or retention; (IV) negligent/wanton supervision of the maintenance, operation, service, and/or repair of the tractor trailer; and (V) negligent/wanton entrustment. (Doc. # 1-1.)

Before the court is Defendants' motion for partial summary judgment. (Doc. # 33.) The motion has been fully briefed. (Docs. # 34, 37–38.) For the reasons discussed below, the motion is due to be granted.

## I. JURISDICTION AND VENUE

Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332.[1] Personal jurisdiction and venue are uncontested.

## II. BACKGROUND

August 18, 2018, began uneventfully for Mason and McGuffey. The night before, McGuffey had parked his tractor trailer truck on the shoulder of the southbound entrance ramp to Interstate 65 to rest. (Doc. # 34 at 57, 59–60.) That morning, Mason had just finished his night work shift and went to the Flying J on the Tyson Road exit off Interstate 65 in Lowndes County, Alabama, to buy a breakfast pizza. After buying his pizza, Mason drove down the southbound ramp to merge onto Interstate 65.

At that point, the narratives diverge. The only fact that is clear and undisputed is that there was an accident. The parties offer different stories of how that happened. Mason testifies that as he was driving down the ramp McGuffey moved his truck off the shoulder and ran into Mason's car. (Doc. # 34 at 33–34.) As a result of this impact, Mason suffered physical injury and damage to the front right corner of his vehicle. (Doc. # 34 at 32, 39–41.) In contrast, McGuffey testifies that he had just woken up, had moved out of his sleeper berth, was sitting in the driver's seat of the truck, and was checking his cellphone for messages. (Doc. # 34 at 55, 62–63.) At

---

[1] Mason is a citizen of Alabama, and Defendants are both citizens of Kentucky. (Doc. # 1-1 ¶¶ 1–3.) The amount in controversy exceeds $75,000. (Doc. #1 ¶¶ 4, 17–18.)

2

that point, Mason ran into the driver's side of the truck, and McGuffey felt the impact. (Doc. # 34 at 55.) As a result of the collision, one of the steps on the driver's side of McGuffey's truck cab was gone; there was damage to the front axle; and there was damage to the steering. (Doc. # 34 at 55, 68, 76.)

McGuffey had been an employee of Merdzic for four months when this accident occurred. (*See* Doc. # 34 at 81.) Before hiring McGuffey, Merdzic examined his motor vehicle record, his pre-employment screening program record, and his prior employment history. (Doc. # 34 at 81–82.) Merdzic does not provide training for its truck drivers on how to operate tractor trailers, but only hires those with extensive experience in the field. (Doc. # 34 at 89–90.) At the time of the accident, McGuffey had been a truck driver for approximately thirty years. (Doc. # 34 at 45.)

### III.  STANDARD OF REVIEW

To succeed on a motion for summary judgment, the moving party must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court views the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmoving party. *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for the motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This responsibility includes identifying the portions of the record illustrating the absence of a genuine dispute of material fact. *Id.* Alternatively, a movant who does not have a trial burden of production can assert, without citing the record, that the nonmoving party "cannot produce admissible evidence to support" a material fact. Fed. R. Civ. P. 56(c)(1)(B); *see also* Fed. R. Civ. P. 56 advisory committee note ("Subdivision (c)(1)(B) recognizes that a party need not always point to specific record materials. . . . [A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact.").

If the movant meets its burden, the burden shifts to the nonmoving party to establish—with evidence beyond the pleadings—that a genuine dispute material to each of its claims for relief exists. *Celotex Corp.*, 477 U.S. at 324. A genuine dispute of material fact exists when the nonmoving party produces evidence allowing a reasonable fact finder to return a verdict in its favor. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

4

## IV.  DISCUSSION

Defendants seek partial summary judgment on the following of Mason's claims:  (1) the wantonness claim in Counts I and II; (2) negligent/wanton hiring, training, supervision, and/or retention claims in Count III; (3) negligent/wanton supervision of the maintenance, operation, service and/or repair of the tractor trailer claims in Count IV; and (4) negligent/wanton entrustment claims in Count V.  (Doc. # 33 at 1.)

In his opposition to Defendants' motion for partial summary judgment, Mason "concedes that the wantonness claim is due to be dismissed[,] as well as any claims of negligent/wanton maintenance, service[,] and/or repair."  (Doc. # 37 at 1.)  And he correctly states that Defendants did not seek "summary judgment on the issue of negligence."  (Doc. # 37 at 1.)[2]  As a result, two of Mason's counts are presently at issue: Count III (negligent hiring, training, supervision, and/or retention) and Count V (negligent entrustment).  (*See* Doc. # 38 at 3.)[3]  On these two counts, Mason argues

---

[2] Although Mason does not explicitly say so, this failure to seek summary judgment on "the issue of negligence" is best understood in context as referring to McGuffey's negligence generally and negligence as applied to Merdzic under *respondeat superior* (*e.g.*, the negligence claim in Count I and Count II). Conceding the wantonness claim appears to be wantonness as originally included in Counts I and II.  Because Defendants' motion for summary judgment did not address the negligence claim in Counts I and II, it remains live for future proceedings.

[3] In his opposition, Mason does not concede the negligent operation claim in Count IV, although he does concede the other claims in Count IV (negligent/wanton supervision of the maintenance, service, and/or repair of the truck).  He also does not allege any disputes of material fact regarding the negligent operation claim.  Defendants argue that negligent supervision includes the element of incompetence (which it does), that McGuffey is not incompetent under Alabama case law (see discussion below), and that there is no evidence that any other persons doing the maintenance, service, or repair of the truck were incompetent.  (Doc. # 34 at 27.)  Therefore,

that there are genuine disputes of material fact that preclude summary judgment. (Doc. # 37 at 1–2.)

A. **Negligent Entrustment (Count V)**

Mason asserts that Merdzic negligently entrusted its vehicle to McGuffey and that a genuine dispute of material fact exists as to this claim: whether McGuffey was "incompetent." (Doc. # 37 at 2.) Under Alabama law, negligent entrustment is defined as the following:

> "One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them."

*Brown v. Vanity Fair Mills, Inc.*, 277 So. 2d 893, 895–96 (Ala. 1973) (quoting Restatement (Second) of Torts § 390 (1965)). "One who negligently entrusts a motor vehicle to an incompetent driver who is likely to cause injury to others because of the driver's incompetence may be liable for damages that proximately result from that entrustment." *Day v. Williams*, 670 So. 2d 914, 916 (Ala. 1995) (citing *Keller v. Kiedinger*, 389 So. 2d 129 (Ala. 1980)).

To establish a claim of negligent entrustment, a party must show the following elements: "(1) an entrustment; (2) to an *incompetent*; (3) with knowledge that he is

---

summary judgment ought to be granted on this claim. (Doc. # 34 at 27.) Under these circumstances, this argument is sufficient to support a finding that summary judgment ought to be granted on the negligent operation claim.

incompetent; (4) proximate cause; and (5) damages." *Askew v. R & L Transfer, Inc.*, 676 F. Supp. 2d 1298, 1303 (M.D. Ala. 2009) (quoting *Pryor v. Brown & Root USA, Inc.*, 674 So. 2d 45, 51 (Ala. 1995) (alteration omitted)) (emphasis added). "[T]he incompetence of a driver is measured by the driver's demonstrated ability (or inability) to properly drive a vehicle." *Id.* (quoting *Halford v. Alamo Rent-A-Car, LLC*, 921 So. 2d 409, 413–14 (Ala. 2005)). And "competence or incompetence of one to whom an automobile is entrusted" is determined by "the presentation of evidence relevant to that person's mental and physical abilities and his or her prior driving experience and record." *Halford*, 921 So. 2d at 417. For example, such evidence can include "previous acts of negligent or reckless driving, . . . previous accidents, or previous acts of driving while intoxicated." *Edwards v. Valentine*, 926 So. 2d 315, 322 (Ala. 2005) (alteration omitted) (quoting Restatement (Second) of Torts § 390 (1965)).

Under Alabama law, it is difficult to establish incompetence. For example, in *Pryor*, the Alabama Supreme Court reviewed the trial court's finding that there was no negative entrustment. 674 So. 2d at 51. In that case, the driver of the vehicle received a DUI charge and two speeding tickets during the ten years prior to the accident at issue. *Id.* The court found that this driving record was not "substantial evidence that" the driver "was incompetent." *Id.* at 52.

7

Similarly, in *Wright v. McKenzie*, this court found that two speeding tickets were insufficient to demonstrate the driver's incompetence, granting the defendants' motion for summary judgment on the negligent entrustment claim. 647 F. Supp. 2d 1293, 1299–1300 (M.D. Ala. 2009) (noting that "Alabama courts have generally held [two speeding tickets] to be insufficient to show a driver's incompetence"); *see also Day*, 670 So. 2d at 916 (noting that a speeding ticket received approximately two years before the accident at issue combined with "several tickets for driving without a license" did not demonstrate the driver's incompetence). In another case, this court found that a driver having "two moving violations" and "four minor accidents [one of them being a sideswipe incident and another hitting a parked vehicle]" during the "nine-plus years" he worked for his employer did "not amount, under the law, to incompetence." *Askew*, 676 F. Supp. at 1303. Therefore, the court granted summary judgment in favor of Defendant on Plaintiff's negligent entrustment claim. *Id.*

In contrast, the Alabama Supreme Court found that competency was a question for the jury where the driver was convicted of "eleven moving violations" (which included eight speeding violations) "within approximately three years prior to the accident" at issue. *Thompson v. Havard*, 235 So. 2d 853, 857 (Ala. 1970); *see also Halford*, 921 So. 2d at 413 (utilizing *Thompson* in its analysis of whether there

8

was a genuine issue of material fact regarding the incompetence of the driver at issue).

Here Mason asserts that McGuffey "was not competent to operate a tractor-trailer." (Doc. # 1-1 ¶ 20.) And Mason argues that there is a genuine dispute as to this material fact. (Doc. # 37 at 2.) But Mason is mistaken.

Mason points to evidence that McGuffey had received citations for traffic violations before his employment with Merdzic. These citations were for "minor violations" that "weren't relevant [to his job with Merdzic]," such as for "an inoperative headlamp" and "inoperative, slash, defective brakes." (Doc. # 37-1 at 7.) He also received a citation more than ten years before he started working for Merdzic for "violating the Federal Safety Regulation 11-hour rule [driving for more than 11 hours without a break]." (Doc. # 37-1 at 7.)[4]

At the time of the accident, McGuffey had been employed as a truck driver for thirty years and had maintained his Commercial Driver's License for approximately twenty years. (Doc. # 34 at 45–46.) During that time, Mason points to no speeding tickets, or other moving violations, equivalent to types of activities Alabama law has found *do not* support a finding of driver incompetence. In other words, it appears that McGuffey's driving record falls far below what the law deems

---

[4] In the record, there is a reference to a "failure to obey [a] traffic control device in Indiana," but Mason provides no explanation of what type of violation this was or if it is relevant to establish a genuine dispute of material fact regarding McGuffey's competence. (Doc. # 37-1 at 7.)

9

to be incompetent. Accordingly, there is no material dispute as to McGuffey's competence, and summary judgment is due to be granted on Mason's negligent entrustment count.

## B. <u>Negligent Hiring, Training, Supervision, and/or Retention (Count III)</u>

Mason also argues that a genuine dispute of material fact exists as to whether Merdzic "negligently hired, trained, and/or supervis[ed]" McGuffey. (Doc. # 37 at 2.)[5] "[T]o prove a claim under Alabama law for either . . . negligent hiring, negligent supervision [, negligent training,] or negligent retention, a plaintiff must demonstrate that the employer knew, or in the exercise of ordinary care should have known, that its employee was incompetent." *Britt v. USA Truck, Inc.*, No. 2:06-CV-868-ID, 2007 WL 4554027, at *4 (M.D. Ala. Dec. 20, 2007); *Wright*, 647 F. Supp. 2d at 1297; *see also Southland Bank v. A & A Drywall Supply Co.*, 21 So. 3d 1196, 1214–15 (Ala. 2008) (negligent training and negligent supervision); *Brown*, 277 So. 2d at 895 (negligent hiring and negligent retention); *Sanders v. Shoe Show, Inc.,* 778 So. 2d 820, 824 (Ala. Civ. App. 2000) (negligent hiring and negligent supervision).[6]

Mason argues that the evidence shows Merdzic failed to adequately train and supervise McGuffey and failed to adequately inquire into his past employment and

---

[5] Although Mason does not explicitly say that there is a dispute of material fact on the negligent retention claim in this count, the court analyzes it nonetheless. (Doc. # 37 at 2.)

[6] At least for negligent hiring, training, and supervision claims, there is an additional requirement that the incompetence "of the offending employee . . . must be based on an injury resulting from a tort which is recognized under Alabama common law." *Buckentin v. SunTrust Mortg. Corp.*, 928 F. Supp. 2d 1273, 1288 (N.D. Ala. 2013) (quoting *Sears v. PHP of Ala., Inc.*,

driving histories.  (*See* Doc. # 37-1 at 6–7, 17–18.)  Those portions of the record would be relevant if there was sufficient evidence that McGuffey was incompetent.  Indeed, this evidence could help establish that Merdzic knew or should have known about McGuffey's incompetence.  *Armstrong Bus. Servs., Inc. v. AmSouth Bank*, 817 So. 2d 665, 683 (Ala. 2001) ("A plaintiff must establish 'by affirmative proof' that the employer actually knew of the incompetence, or that the employer reasonably should have known of it." (quoting *Lane v. Central Bank*, 425 So. 2d 1098, 1100 (Ala. 1983)).

But, as discussed above, Mason has not adduced evidence to create a genuine dispute of material fact regarding the competence of McGuffey.  Under Alabama law, McGuffey was not an incompetent driver.  There can be no knowledge, actual or otherwise, of something that does not exist.  So, there is no genuine dispute of material fact on these claims.  Defendants' motion is due to be granted for this count as well.

---

No. 2:05-CV-304-ID, 2006 WL 932044, at *20 (M.D. Ala. 2006)).  "[N]ot just any 'incompetency' suffices to give rise to a cause of action for so-called negligent hiring, training, and supervision liability. Rather, Plaintiffs must prove that an allegedly incompetent employee committed a state law tort."  *Id.* at 1288–89 (citing *Stevenson v. Precision Standard, Inc.*, 762 So. 2d 820, 824 (Ala. 1999)).  However, this additional requirement does not change this court's analysis because Mason has failed to allege, argue, or establish that McGuffey committed any state law tort.

## V.  CONCLUSION

For the reasons provided above, it is ORDERED that Defendants' motion for partial summary judgment (Doc. # 33) is GRANTED.  The negligence claims in Counts I and II, which Defendants did not challenge, proceed to trial.

DONE this 23rd day of August, 2022.

/s/ W. Keith Watkins<br>
UNITED STATES DISTRICT JUDGE